**Maude E. MYERS**

v.

**Margaret M. HECKLER, etc.**

**Civ. No. K–81–1430.**

United States District Court,
D. Maryland.

Jan. 14, 1985.

Elizabeth Renuart, Legal Aid Bureau, Inc., Frederick, Md., for plaintiff.

J. Frederick Motz, U.S. Atty., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Chief Judge.

This case is before this Court for the second time, having originated in this Court in 1981. Plaintiff's applications for supplemental security income and widow's benefits date back to 1979. This case has been far too long in the administrative and judicial channels and requires the promptest kind of attention and determination.

Originally, plaintiff sought widow's benefits as well as supplemental security income benefits. However, plaintiff has long since abandoned her quest for widow's benefits.

On June 9, 1982, this Court remanded to the Secretary, for further administrative proceedings, plaintiff's within claim for supplemental security income benefits on the basis that, as the Secretary conceded in this Court in June, 1982, plaintiff's past sewing machine work is correctly classified as "light," as opposed to "sedentary," work. Further, the Secretary agreed in this Court in June, 1982 that there is no question but that plaintiff cannot return to her past sewing machine work because of her disabilities.

After this Court's remand order of June 9, 1982, the Administrative Law Judge (ALJ), who conducted the hearing on remand, concluded that plaintiff was entitled to supplemental security income benefits. However, the Appeals Council reversed that determination by the ALJ. It is from that reversal that plaintiff appeals once again to this Court.

Plaintiff seeks a reversal rather than a remand. However, plaintiff requests, on a secondary basis, that if there is a remand, she should have an opportunity to present new, noncumulative evidence. The Government, in argument before this Court on January 9, 1985, on the record, stated that it did not oppose a remand or the opportunity for plaintiff to present such further evidence. In so doing, government counsel agreed, once again, that plaintiff's prior work as a sewing machine operator in a shoe factory constituted light work and not sedentary work and that plaintiff is not able to perform light work. While the vocational expert, in the course of giving testimony during the remand administrative proceeding, seems to have indicated that there may be sewing-machine-operator type of work which can appropriately be classified as sedentary, the record does not contain substantial evidence showing that given plaintiff's age and skills, plaintiff has the ability to transfer those skills so as to enable her to perform one or more jobs of a sedentary work nature which are available in the national economy in substantial numbers.

■■■ The Appeals Council, in its decision of December 5, 1983, could, in the view of this Court, have remanded the case to the ALJ for further proceedings in order to give the Secretary the opportunity to present further evidence of the type described in the preceding sentence of this opinion. However, instead, the Appeals Council, in reversing the ALJ's determination on remand from this Court, concluded, *inter alia,* that plaintiff's subjective testimony was not credible. The Appeals Council so stated in a single, cursory observation, without making any specific findings as to which portions of plaintiff's testimony were not credible. The Appeals Council does have the right to reject an ALJ's determination with regard to credibility of testimony but, in order so to do, the Appeals Council is required to meet certain clear standards. *See Parris v. Heckler,* 733 F.2d 324 (4th Cir.1984); *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383 (6th Cir.1978). This Court has recently had occasion to review the application of those standards in *Salisbury v. Heckler,* 601 F.Supp. 516 (1985).[1] Accordingly, in any event, the action of the Appeals Council requires reversal or remand by this Court. However, that does not mean, as stated *supra,* that the Appeals Council could not have appropriately remanded the within case to the ALJ for further proceedings after the ALJ's decision on remand from this Court.

1. A copy of that opinion has been placed in the court file in this case.

▮ Plaintiff, in written and oral argument to this Court, strongly urges this Court to reverse the action of the Appeals Council and to enter judgment in favor of plaintiff. It is "appropriate to reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard *and* when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir.1974) (emphasis added). Herein, it cannot be said that reopening the record for more evidence will serve no purpose. That is because, on further remand, the plaintiff will have the opportunity to present new, nonrepetitive evidence and, in any event, a vocational expert can be asked to testify before an ALJ as to whether or not plaintiff can perform sedentary work available in the national economy in substantial quantity, *i.e.*, sedentary work to which plaintiff's skills are transferable. In the light of up-to-date testimony concerning plaintiff's disabilities and in the light of such further specific evidence from the vocational expert, the ALJ will be able to make the determination required in this case, *i.e.*, whether plaintiff can perform any work which is available in the national economy in substantial quantity. During the hearing held on January 9, 1985 in this Court, the Government agreed, *inter alia*, that on remand the sole determination to be made is the one which this Court has specifically set forth in the preceding sentence hereof, and that a further hearing will be conducted by an ALJ, commencing no later than March 11, 1985.

In rejecting plaintiff's quest for reversal and entry of judgment in favor of plaintiff at this time, this Court has not lost sight of the fact that the Secretary has already had opportunities in two administrative hearings, held both before and after this Court's June 9, 1982 remand, to attempt to bear the Secretary's burden of establishing that plaintiff can perform any work in the national economy available in substantial quantity. Accordingly, plaintiff's argument that the Government should not be given a third opportunity is not without a certain degree of merit. *See Taylor v. Weinberger*, 512 F.2d 664, 668 (4th Cir. 1975); *Ray v. Secretary of Health, Education & Welfare*, 465 F.Supp. 832 (E.D.Mich, S.D.1978); *Lochte v. Schweiker*, No. R–82–491 (D.Md. Nov. 30, 1984) (mem. op.).[2] But, in this case, at this time, the overall interests of society are best served by a remand, for a limited specific purpose and with an agreement by the Government to provide a prompt hearing, rather than a reversal.

In *Taylor*, Judge Craven considered the Government's quest for a remand rather than a reversal and noted that the Government "suggested that if there were a flaw in the proceedings below it consisted simply of an understandable failure on the part of the hearing examiner to call a vocational expert as a witness. The unstated assumption seems to be that any such expert will, of course, testify that Mrs. Taylor possesses the necessary skill to work as a keypunch operator and telephone operator. The assumption seems doubtful in the present state of the record." *Id.* Accordingly, Judge Craven concluded that the Secretary should not be permitted "to start over again in his determination to deny benefits to Mrs. Taylor." *Id.* In *Ray* and in *Lochte*, Judges Feikens and Ramsey, respectively, seem to have concluded, at least implicitly, that in those cases there did not exist a sufficient possibility that a reopening of the record would provide evidence which would serve a sufficiently useful purpose. Accordingly, in those cases, the standard enunciated in *Breeden*, 493 F.2d at 1012, which is quoted *supra* at page 529, was apparently not met. In the within case, by way of contrast, this Court believes that the additional testimony of a vocational expert will provide an appropriate basis for an ALJ to determine whether there exists in the national economy in substantial quantity one or more sedentary type of jobs which plaintiff can perform.

---

**2.** A copy of Judge Ramsey's opinion in *Lochte* has been placed in the court file in this case.

If, on remand, the Secretary is not going to be ready to produce such evidence at an administrative hearing before an ALJ to be commenced no later than March 11, 1985, then the Secretary should, as promptly as possible after the date hereof, make payment to plaintiff of the supplemental security income benefits to which she would, under such circumstances, be entitled. On the record during the proceeding on January 9, 1985, government counsel agreed that that was an appropriate direction for this Court to issue to the Secretary. Additionally, this Court asks the ALJ, who presides at the administrative hearing, to make available to the vocational expert in advance of the administrative hearing a copy of this opinion, and the ALJ and all others who have anything to do with the handling of this case on remand, including the Appeals Council, if this case is once again before it, to proceed as expeditiously as possible so that the Secretary can enter at an early date a final administrative decision. Counsel on both sides agreed during the said January 9, 1985 hearing that such requests were appropriate and desirable.

This Court is today entering an Order implementing the within opinion.